OPINION
{¶ 1} Defendant-appellant Steven D. Tipton (hereinafter "defendant"), pro se, appeals a decision of the Greene County Court of Common Pleas which sustained the renewed motion for *Page 2 
partial summary judgment of plaintiff-appellee Terry S. Tipton (hereinafter "plaintff"), executor of the estate of David N. Tipton, filed on May 26, 2005. The original motion for partial summary judgment was filed on August 27, 2004. The trial court filed its' decision sustaining the renewed motion for partial summary judgment on October 13, 2006. Defendant filed a timely notice of appeal of the court's decision on November 13, 2006.
 I {¶ 2} According to defendant, his father, David Tipton, loaned him a substantial amount of money with which to fund his home building company which he started in 1990. The business was apparently discontinued in 1994, but the loan was not repaid.
 {¶ 3} On May 6, 2002, David Tipton obtained a judgment against defendant in the amount of $186,712.05 with interest at the rate of 10% per annum from March 1, 2002. David Tipton passed away on May 20, 2003, and his wife, Terry Tipton, became the successor-in-interest with respect to the judgment obtained against defendant. On December 17, 2003, the Greene County Clerk of Courts certified the judgment as a lien against all real property owned by defendant. At that time, defendant owned property located at 4472 Ambridge Lane in Bellbrook, Ohio, which became encumbered by the lien.
 {¶ 4} Defendant transferred the property located at 4472 Ambridge Lane to Patricia Graham by quitclaim deed on April 15, 2004. The trial court found that as a matter of law, the transfer was made subject to the judgment lien held by the estate of David Tipton, in the amount of $186,712.05 with interest at the rate of 10% per annum from March 1, 2002.
 {¶ 5} On June 10, 2004, plaintiff filed a complaint for fraudulent conveyances and for foreclosure of the judgment lien. Defendant filed an answer and counterclaim on July 27, 2004. *Page 3 
Plaintiff filed a renewed motion for partial summary judgment on May 25, 2005, in which she contended that defendant was judicially estopped from denying that he was liable for the judgment lien held by the estate of David Tipton, in the amount of $186,712.05. The motion sought summary judgment in plaintiff s favor with respect to the "Sixth Claim" in her complaint against defendant in which she requested the following:
 {¶ 6} "(1) a declaratory judgment that plaintiffs judgment is a valid lien on the property at 4472 Ambridge Lane, Centerville [sic] Ohio 45459;
 {¶ 7} "(2) that the lien be foreclosed and the property ordered sold;
 {¶ 8} "(3) that plaintiff be paid the balance due on the judgment from the proceeds at sale by the Sheriff;
 {¶ 9} "(4) that all other defendants be required to set up their liens or interests in the property or be forever barred from asserting the same."
 {¶ 10} Plaintiff also sought summary judgment against defendant with respect to the "first claim" in his counterclaim against plaintiff in which he argued that, prior to the death of his father, David Tipton had cancelled the debt and discharged defendant from any further financial responsibility in conjunction with said debt. In support of this assertion, defendant produced certain documents which allegedly evidenced an intent on the part of David Tipton to cancel the debt prior to his death. Defendant attached these documents to his counterclaim.
 {¶ 11} In opposition to plaintiff s motion for summary judgment, defendant asserted that he was unlawfully precluded from completing the discovery necessary to provide the basis for his memorandum in opposition because plaintiff refused to allow her deposition to be taken. On September 12, 2006, however, defendant informed the trial court that he no longer wished to *Page 4 
take the deposition of plaintiff. Approximately one month later on October 11, 2006, defendant filed a notice of dismissal, with prejudice, of all counterclaims in the case. Defendant also filed a notice of withdrawal of his motion to file an amended answer, counterclaim, and third-party complaint.
 {¶ 12} In its decision sustaining plaintiffs partial motion for summary judgment, the trial court held that the judgment in favor of the estate of David Tipton against defendant was a valid judgment in the amount of $186,721.05, plus interest at the annual rate of 10% from March 1, 2002. The court also held that the judgment properly attached to the real property located at 4472 Ambridge Lane in Bellbrook, Ohio, on December 17, 2003. The trial court additionally held that there was no release or cancellation of the judgment or judgment lien as defendant previously claimed in his counterclaim, which he dismissed with prejudice. Lastly, the court held that based on defendant's prior representations to the domestic relations court during his divorce regarding the validity of the judgment debt, he was judicially estopped from claiming that the debt had been cancelled or forgiven by his late father. Thus, the court ordered that the property located at 4472 Ambridge Lane be foreclosed upon and sold to pay off the judgment lien in the amount of $186,721.05, plus interest at the annual rate of 10% from March 1, 2002, owed to the estate of David Tipton.
 {¶ 13} It is from this judgment which defendant appeals.
 II {¶ 14} Defendant has failed to provide us with a specific assignment of error. The arguments contained in his appellate brief, however, indicate that he contends that the trial court erred when it sustained plaintiffs motion for partial summary judgment and ordered that the *Page 5 
property located at 4472 Ambridge Lane be foreclosed upon and sold to pay off the judgment lien in the amount of $186,721.05, plus interest at the annual rate of 10% from March 1, 2002, owed to the estate of David Tipton. In particular, defendant asserts that the trial court erred when: 1) it held that he was judicially estopped from presently claiming that the debt at issue had been cancelled and forgiven when he had argued that the debt was still in effect in a separate prior domestic relations proceeding; and 2) it held that there was no evidence that the debt to his father's estate had ever been cancelled or released.
 {¶ 15} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, 467 N.E.2d 1378.
 {¶ 16} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 17} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264. Once a movant discharges its initial *Page 6 
burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ. R. 56, with specific facts showing that a genuine issue exists for trial. Id; Vahilav. Hall (1997), 77 Ohio St.3d 421, 430, 674 N.E.2d 1164; Civ. R. 56(E).
 {¶ 18} Whether to grant or deny a Civ. R. 56(F) continuance is committed to the sound discretion of the trial court. We may then not reverse absent a demonstrated abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 19} Initially, it should be noted that it appears from the record that David Tipton never cancelled defendant's obligation to pay the debt at issue. Contrary to defendant's assertions, the record demonstrates that David Tipton merely released the judgment lien on defendant's real property so that the mortgage on the home could be refinanced in order to satisfy certain financial obligations to his ex-wife, Heidi Tipton, as a result of their divorce settlement. As plaintiff correctly points out, the release and cancellation of the certificate of judgment was not a release or cancellation of the underlying judgment, itself, which David Tipton obtained against defendant on March 1, 2002. The order which released the previous certificate of judgment on July 3, 2002, simply gave priority to any lien creditors who achieved that status between that date and December 17, 2003, when Greene County Clerk of Court reinstated the judgment as a lien against all real property owned by defendant.
 {¶ 20} Moreover, we agree with the trial court that defendant has failed to provide any Civ. R. 56 evidence which would demonstrate that the underlying judgment had ever been released or cancelled by David Tipton. Essentially, defendant urges this Court to accept his *Page 7 
repeated representations that he and his father came to some sort of oral agreement that would supercede the judgment and release the judgment lien on his real property. As the trial court properly held, however, all of the evidence alleged to lend credence to the existence of the oral agreement was contained in the Counterclaim which was dismissed by defendant with prejudice prior to the issuance of the trial court's decision sustaining plaintiffs partial motion for summary judgment. Thus, any evidence of the alleged oral contract was not properly before the trial court, and we will not consider defendant's arguments in that regard on appeal.
 {¶ 21} In Fraley v. Fraley (Sept. 20, 2002), Montgomery App. No. 19178, 2002-Ohio-4967, we stated the following with respect to the doctrine of judicial estoppel:
 {¶ 22} "Judicial estoppel `prevents a party from staking out a position in a subsequent action that is inconsistent with a position taken in a prior action.' Scioto Mem. Hosp. Assn., Inc. v. PriceWaterhouse, 74 Ohio St.3d 474, 481, 1996-Ohio-365 (Douglas, concurring in part and dissenting in part). Judicial estoppel is applied to maintain `the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment.' * * * `The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court.'Smith v. Dillard Dept. Stores, Inc. (2000), 139 Ohio App.3d 525, 533
(citations omitted)."
 {¶ 23} In light of representations made regarding the existence of the debt to his father's estate, defendant is judicially estopped from asserting that the debt no longer exists. The trial court found, and we agree, that in his divorce action against Heidi Tipton, defendant acknowledged under oath that the judgment against him was valid and enforceable. Moreover, *Page 8 
the domestic relations court assigned defendant the sole responsibility to pay the judgment in favor of his father, now his father's estate. In fact, there is evidence that the domestic relations court contemplated the existence of the judgment against defendant when it fashioned the award of spousal and child support payments made by defendant to his ex-wife. We hold that the doctrine of judicial estoppel precludes defendant from presently taking a contradictory position to the position he took in front of the domestic relations court. Thus, the trial court did not abuse its discretion when it sustained plaintiff s motion for partial summary judgment and held that the judgment in favor of David Tipton's estate against defendant is a valid judgment in the amount of $186,721.05, plus interest at the annual rate of 10% from March 1, 2002, and that a judgment lien properly attached to defendant's real property located at 4472 Ambridge Lane in Bellbrook, Ohio, on December 17, 2003.
 III {¶ 24} Defendant's sole assignment of error having been overruled, the judgment of the trial court granting partial summary judgment in favor of plaintiff is hereby affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1